IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 24-cv-01447-PAB-TPO

FRED JOHNSON,

      Plaintiff,

v.

DOUGLAS COLLINS, Secretary,
United States Department of Veterans Affairs;
JULE LITTLE;
STANLEY NELSON;
ETOSHA PENTARVIS;
DAVID FENNEL; and
VETERANS' HEALTH ADMINISTRATION,

      Defendants.

---

## AMENDED[1] RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Timothy P. O'Hara, United States Magistrate Judge.**

      Before the Court are Defendants'[2] (Jule Little, Stanley Nelson, Etosha Pentarvis, David

---

[1] This Court amends this Report and Recommendation to make one change: adding the notice herein at footnote 11.

[2] Initially, it was unclear exactly whom Plaintiff intended to name as Defendants in the Third Amended Complaint (TAC) [ECF 16]. The case caption for the SAC named Mr. Denis McDonough, the former United States Secretary of Veterans Affairs, and then merely stated "et al." ECF 16. In the "Parties" section, *id.* ¶ 3, Plaintiff added Defendant US Department of Veterans Affairs as well as "responsible agency officials:" Luke Davis, Stanley Nelson, Etosha Pentarvis, Jule Little, Andre Cunningham, and Coffrey Sweets. However, Plaintiff later conceded that the individual Defendants were not proper parties to this lawsuit because his claims arise under Title VII. ECF 47 at p. 1.

Fennel, Douglas Collins,[3] and Veterans Health Administration[4]) Motion for Partial Summary Judgment [ECF 40] and Motion to Dismiss Plaintiff's [Third] Amended Complaint [ECF 42], which were both filed on January 31, 2025. The Motions have been referred to the undersigned for Recommendation by U.S. District Court Chief Judge Philip A. Brimmer. ECFs 41 and 43. On June 23, 2025, this Court convened a Status Conference to address Plaintiff's lack of responses to both motions. ECF 45. At the Status Conference, the Court *sua sponte* extended Plaintiff's response deadline and ordered Plaintiff to either file responses to Defendants' Motions or seek leave to amend the Third Amended Complaint (TAC) by July 11, 2025. *See id.* On July 10, 2025, Plaintiff filed his responses to both motions. ECFs 46 and 47. Defendants then filed replies. ECFs 52 and 53. The Court has considered the Parties' briefing, Defendants' exhibits in support of their Motion for Partial Summary Judgment, the case file, the relevant law, and the records made at the Status Conferences held before this Court. *See* ECF 45 (June 23, 2025) and ECF 49 (July 15, 2025). For the reasons stated herein, the Court recommends that the Motions [ECFs 40 and 42] be **granted**, and all of Plaintiff's claims be dismissed. Defendants' Motion to Stay Discovery [ECF 50] is **denied** as moot.

---

[3] Pursuant to Fed. R. Civ. P. 25(d), Mr. Douglas Collins is automatically substituted as a Defendant as the current United States Secretary of Veterans Affairs.

[4] Plaintiff also named "HAC/OCC" as a Defendant in the SAC, ECF 16 at p. 2, which refers to the Veterans Health Administration (VHA) Office of Community Care at the Health Administration Center. *See U.S. Dep't of Veterans Affairs, Locations: VHA Office of Community Care, Denver, Colorado*, https://www.va.gov/directory/guide/facility.asp?id=2015. Plaintiff later conceded to the removal of this Defendant as well. ECF 47 at p. 1.

## BACKGROUND[5]

Plaintiff, "a 64-year-old African American male," began working as a Program Support Clerk within the Department of Veterans' Affairs ("VA" or "the Agency") on September 17, 2017. ECF 16 ¶¶ 1; 7. Plaintiff's TAC alleges that he was employed at the Agency until his constructive retirement on January 28, 2022. *Id.* ¶ 7. Throughout his tenure, Plaintiff performed his job competently; he was given "Fully successful" ratings on his annual evaluations. *Id.* The timeline of Plaintiff's allegations is difficult to piece together, but the pertinent events first occurred on December of 2021 and culminated in Plaintiff's retirement in January of 2022.

On December 3, 2021, Plaintiff attended a meeting held by Defendant Jule Little, the Mailroom Supervisor, during which Defendant Little asked Plaintiff "and his coworkers, [m]ultiple male and female employees of multiple Ages, Races and Genders to brainstorm ways to remove" the union president, Mr. Andre Cunningham. *Id.* After this meeting, Plaintiff confronted Defendant Little "to voice his dissatisfaction regarding the meeting." *Id.* The details of this discussion are unclear, but the Court infers that Plaintiff expressed "concerns about the legality of the meeting" to Defendant Little at this time. *See id.* ¶ 9.

From there, Plaintiff's allegations become somewhat bizarre. He alleges that following the December 3, 2021 meeting, he was accused on multiple occasions by Defendants Pentarvis, Nelson, and Little of "not processing and throwing away medical claims." *Id.* ¶ 11. Around December 14, 2021, he alleges that "DCDM Deputy Chief Stanley Nelson Called [Plaintiff] into [Defendant Nelson's] office along with [Defendant Little] to accuse [Plaintiff] of throwing away

---

[5] The facts are taken from Plaintiff's TAC unless otherwise indicated.

medical claims." *Id.* ¶ 8. On each of these instances, other than on December 3, 2021, Plaintiff

alleges that Defendant Little took claims from his desk and directed him to report to his supervisor,

Defendant Pentarvis. *Id.* ¶ 14. Due to these accusations, Plaintiff was subjected to "fact-finding"

sessions "to question [Plaintiff] about his throwing away medical claims and the nature of his

relationship" with Defendant Little. *Id.* ¶¶ 9 (January 21, 2022 – fact finding session #1); 12 ("on

or about January 17, 2022" – fact finding session #2). During the later fact-finding session, Plaintiff

"informed the Agency" of the meeting to oust the union president and Plaintiff's concern that this

meeting may have been unlawful. *Id.* ¶ 9. Plaintiff alleged that none of his coworkers, "of various

races and ages," who attended the meeting were subjected to the same accusations or fact-finding

investigations. *Id.*

On an unknown date, Plaintiff reported to Defendant Pendarvis "that he was being harassed

and subjected to a hostile work environment" by Defendant Little, who was accusing him of

foregoing his job duties and throwing away medical claims. *Id.* ¶ 12. The TAC does not allege the

details of such "harassment" with any specificity. Notably absent from the TAC is any mention of

harassing conduct related to Plaintiff's race or age.

Plaintiff also describes that he was "attacked by Mr. Little." *Id.* ¶ 14. It is vague what

"attacked by" means in this context, but needless to say, Plaintiff "felt threatened" and sought

advice from his union on January 24, 2022. *Id.* ¶ 15. Mr. Andre Cunningham (union president) and

Coffrey Sweets (union vice president) advised Plaintiff "to take leave if available and to

immediately request his retirement while he was on leave." *Id.*

"During the week of January 24, 2022" Defendant Nelson and Mr. Davis issued a

"Proposed Removal Statement" to Plaintiff "for not processing and throwing away claims." *Id.* ¶

13. Plaintiff apparently took leave, and while on leave, he was charged with not reporting for work from January 25-28, 2022, and on January 31, 2022, between 6:00 a.m. and 2:30 p.m. *Id.* ¶ 16.

At some point, Plaintiff applied for retirement. *Id.* ¶ 17. Plaintiff had already begun planning his retirement from November 2021 through January 2022, during which time "he was in the process of buying back his military service contributions." *Id.* ¶ 10. Although Plaintiff submitted his retirement request, Plaintiff alleges that he was constructively discharged because he was faced with immediate termination and was in an "untenable situation," causing him to prematurely apply for retirement. *Id.* ¶ 1; 18. Plaintiff asserts that Defendants discriminated against him by not affording him "the opportunity to reach his full retirement age (67 years of age)," despite "allowing [Plaintiff's] White coworkers to be vested by full retirement age prior to their retirement." *Id.* ¶ 23.

Before "initiating his expedited retirement request," Plaintiff contacted the Agency's EEO Office to initiate a complaint. *Id.* Plaintiff asserts that he "has complied with all administrative, jurisdictional and legal prerequisites to the filing of this legal action." *Id.* ¶ 6.

Liberally construing the TAC, Plaintiff brings five claims: (1) retaliation in violation of Title VII and ADEA; (2) hostile work environment under Title VII; (3) a violation of the Whistle Blower Protection Act (WPA), 5 U.S.C. § 2302(b)(8); (4) "Employment Discrimination," which this Court construes as a constructive discharge claim under Title VII; and (5) racial discrimination under Title VII. Defendants move for partial summary judgment on Plaintiff's constructive discharge claim, ECF 40 at p. 2, and for the remaining claims, Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1).

## LEGAL STANDARDS

### I.    Treatment of a Pro Se Plaintiff's Complaint

A pro se plaintiff's "pleadings are to be construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)). "Th[e] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on the plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (quoting *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997)). The Tenth Circuit has interpreted this rule to mean that if a court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, [it] should do so despite the plaintiff's failure to cite proper legal authority, [their] confusion of various legal theories, [their] poor syntax and sentence construction, or [their] unfamiliarity with pleading requirements." *Diversey v. Schmidly*, 738 F.3d 1196, 1199 (10th Cir. 2013) (quoting *Hall*, 935 F.2d at 1110). However, it is not "the proper function of the district court to assume the role of advocate for the pro se litigant." *Garrett*, 425 F.3d at 840 (quoting *Hall*, 935 F.2d at 1110).

### II.    Fed. R. Civ. P. 12(b)(6)

In addressing a motion to dismiss for failure to state a claim under Rule 12(b)(6), a court must "determine whether the complaint sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the legal theory proposed." *Forest Guardians v. Forsgren*, 478 F.3d 1149, 1160 (10th Cir. 2007). In doing so, the court "must accept all the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal

quotation marks omitted). "While the 12(b)(6) standard does not require that Plaintiff establish a prima facie case in [his] complaint," *Khalik v. United Air Lines*, 671 F.3d 1188, 1191 (10th Cir. 2012), "[t]he burden is on the plaintiff to frame a 'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice." *Khalik*, 671 F.3d at 1191 (quoting *Twombly*, 550 U.S. at 555). A court will "disregard conclusory statements and look only to whether the remaining, factual allegations plausibly suggest the defendant is liable." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556).

### III.    Fed. R. Civ. P. 56(a)

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the suit under the governing substantive law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

The moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough

evidence to carry its burden of persuasion at trial." *Trainor v. Apollo Metal Specialties, Inc.*, 318 F.3d 976, 979 (10th Cir. 2002) (citation omitted).

If the movant properly supports a motion for summary judgment, and the non-movant bears the burden of proof at trial, the burden shifts to the non-moving party to establish issues of material fact. *Celotex*, 477 U.S. at 323. To meet that burden, the non-moving party must "go beyond the pleadings and designate specific facts" that would support an essential element of his case. Fed. R. Civ. P. 56(e); *Cardoso v. Calbone*, 490 F.3d 1194, 1197 (10th Cir. 2007) (citation omitted); *Anderson*, 477 U.S. at 247–48 ("[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." (emphasis in original)). These specific facts may be shown "by any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves." *Pietrowski v. Town of Dibble*, 134 F.3d 1006, 1008 (10th Cir. 1998) (quoting *Celotex*, 477 U.S. at 324). The non-moving party must provide an explanation for any denials with an accompanying specific reference to the evidentiary record. *See, e.g., American Auto. Ins. Co. v. Marlow*, 666 F. Supp. 2d 1209, 1212-13 (D. Colo. 2009) (deeming defendants' failure to admit or deny facts as admitted). If the parties "tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version." *Pierson v. Bassett*, 534 F. App'x. 768, 771 (10th Cir. 2013) (quoting *Thomson v. Salt Lake Cnty.*, 584 F.3d 1304, 1312 (10th Cir. 2009)).

Evidence "must be based on more than mere speculation, conjecture, or surmise," *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006) (citation and quotations omitted), and must be generally admissible. *Bryant v. Farmers Ins. Exch.*, 432 F.3d 1114, 1122 (10th Cir. 2005). "The

court views the record and draws all favorable inferences in the light most favorable to the non-moving party." *Pepsi-Cola Bottling Co. of Pittsburg, Inc. v. PepsiCo, Inc.*, 431 F.3d 1241, 1255 (10th Cir. 2005) (citing *McKnight v. Kimberly Clark Corp.*, 149 F.3d 1125, 1128 (10th Cir. 1998)).

## ANALYSIS

### I.    Defendants' Partial Motion for Summary Judgment

*A. Defendants' Undisputed Material Facts*

The Court must first determine whether Defendants have met their initial burden of demonstrating that there are no material issues of fact. *Id.* As an initial matter, the Court notes that Defendants included a Statement of Undisputed Facts, in compliance with Chief Judge Brimmer's Practice Standard on Summary Judgment. *See* Chief Judge Brimmer Practice Standard § III(F)(3)(iv). In response, Plaintiff simply copied Defendants' Statement of Undisputed Facts and failed to admit or deny any allegation. *See* ECF 46 at pp. 4-7. As to some, Plaintiff provided context to the alleged Undisputed Fact without a denial. *Id.*[6]

Pursuant to Fed. R. Civ. P. 56(c), a party disputing a fact must cite "to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials." Plaintiff has not done so, either in writing

---

[6] During the July 15, 2025, Status Conference, Counsel for Defendants raised the issue that Plaintiff's Response to Defendants Partial Motion for Summary Judgment [ECF 46] did not admit or deny any of Defendants' Undisputed Statements of Fact, making it difficult to prepare a reply brief. ECF 54 4:4-19. The Court then asked Plaintiff to clarify whether each of the facts were admitted or denied. *See* ECF 54 4:20-10:4. Of the 13 Undisputed Material Facts, Plaintiff admitted nine of them, was unsure about the dates related to two facts, and generally denied one fact without providing any additional information. *Id.* But as discussed herein, the Court finds that Plaintiff's answers at the Status Conference do not support any genuine issue of material fact.

or at the July 15, 2025 Status Conference. As a result, the Court is entitled to consider the facts submitted by Defendants as admitted. Fed. R. Civ. P. 56(e). However, Plaintiff's failures to properly respond or to produce opposing evidence are not grounds alone to grant Defendants' Motion for Partial Summary Judgment. *See Reed v. Bennett*, 312 F.3d 1190, 1194 (10th Cir. 2002).

Based on the Defendants' undisputed facts, which this Court considers as true, Defendants demonstrate that Plaintiff's constructive discharge claim is time barred. First, on April 4, 2022, Plaintiff filed a formal EEO complaint, asserting his constructive discharge and hostile work environment complaints based on race, age, disability, sex, color, and reprisal. ECF 40 ¶ 4; *see* ECF 54 7:5-7:17. Then, on October 18, 2022, while Plaintiff's EEO complaint was pending, Plaintiff filed his "mixed case" MSPB appeal regarding his constructive discharge claim. *Id.* ¶ 5. On November 4, 2022, Plaintiff's EEO complaint was dismissed because the MSPB appeal was pending. *Id.* ¶ 6. Plaintiff did not appeal the EEO dismissal. *Id.* ¶ 7.

On April 11, 2023, the MSPB issued an initial decision, dismissing Plaintiff's MSPB appeal for lack of jurisdiction. *Id.* ¶ 8. Although the Court noted at the Status Conference that Plaintiff disputed this fact, *see* ECF 54 8:8-14, the only dispute was because Plaintiff indicated he was unsure if the date was accurate. Defendants supply the Initial Decision with the date prominently displayed. ECF 40-1 at p. 13. Based on MSPB's Initial Decision, Plaintiff's mixed case appeal was dismissed for lack of jurisdiction. ECF 40-1 at p. 22. The Initial Decision notified Plaintiff that the decision would become final on **May 16, 2023**, unless he filed a petition for review by that date. ECF 40-1 at p. 22 (emphasis in original); ECF 40 ¶ 9. Plaintiff did not file a petition for review. *Id.* ¶ 10.

The MSPB's Notice of Appeal Rights provided Plaintiff three possible options for judicial review of MSPB decisions. *See* ECF 40-1 at pp. 26-30. Relevant here is the notice regarding

"Judicial or EEOC review of cases involving a claim of discrimination," which states the following:

> This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after this decision becomes final</u>. . .

*Id.* at p. 27. Plaintiff disputed this fact at the Status Conference, *see* ECF 54 9:6-13, but he failed to support his general objection with any evidence and did not contest the authenticity of the "MSPB Appeal Rights Letter." ECF 46 at p. 5 ¶ 7. Although required to file any civil action in the U.S. District Court within 30 days of the decision becoming final, ECF 40-1 at p. 28, Plaintiff filed his Complaint in an appropriate U.S. District Court, i.e., the District of Colorado, nearly one year later, on May 22, 2024. ECF 1.

### B. Plaintiff's constructive discharge claim

**Civil Service Reform Act**

The Civil Service Reform Act (CSRA) "establishes a framework for evaluating personnel actions taken against federal employees." *Kloeckner v. Solis*, 568 U.S. 41, 44 (2012); 5 U.S.C. § 1101 *et seq.* For final agency decisions involving serious adverse action, federal employees have the right to appeal the agency's decision to the MSPB. *Id.* (citing §§ 1204, 7512, 7701). Serious actions directly appealable to the MSPB include: a removal, suspension for more than 14 days, a reduction in pay grade, and a furlough of 30 days or less. 5 U.S.C. § 7512. These are exclusively civil service claims.

However, when a federal employee complains of an adverse personnel action, "taken, in whole or in part, because of discrimination prohibited by another federal statute," such as Title VII

or ADEA, they present a "mixed case" complaint. *Perry v. Merit Sys. Prot. Bd.*, 582 U.S. 420, 424 (2017); 29 C.F.R. § 1614.302(a)(2). In a mixed case, employees may choose to first file their discrimination complaint to the agency through its EEO office, which would be the ordinary procedure for challenging an action that is not otherwise within the MSPB's jurisdiction. *Kloeckner*, 568 U.S. at 45 (citing 5 C.F.R. § 1201.154(a); 29 C.F.R. § 1614.302(b)). If the agency's decision is unfavorable, the employee may then appeal to the MSPB or sue in an appropriate district court. *See* 5 C.F.R. § 1201.154(b); 29 C.F.R. § 1614.310(a). Alternatively, the employee may appeal the discriminatory adverse action directly to the MSPB, and if the personnel action is upheld, the employee may continue the administrative route through the EEOC or may seek judicial review in the appropriate district court within 30 days of a final MSPB decision. *Kloeckner*, 568 U.S. at 45 (citing 5 U.S.C. §§ 7702(a)(3), (b); 5 C.F.R. § 1201.161; 29 C.F.R. § 1614.303. If the MSPB issues a final decision disposing of a mixed case complaint, judicial review must be sought in the district court. *See Perry*, 582 U.S. at 437; *see also* ECF 40-1 at p. 22.

### Timeliness

The CSRA's time limits are not jurisdictional, *Harrow v. Dep't of Def.*, 601 U.S. 480, 483 (2024), so Defendants must raise timeliness as an affirmative defense. *Cf. Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185-86 (10th Cir. 2018) (Title VII's timeliness requirement is not a jurisdictional prerequisite to suit). Untimeliness is subject to forfeit and waiver and may be excused by equitable tolling. *See Harrow*, 601 U.S. at 484 (equitable tolling applies to CSRA); *Montoya v. Chao*, 296 F.3d 952, 957 (10th Cir. 2002) (same). Because Defendants raise an affirmative defense, they "must demonstrate that no disputed material fact exists regarding" Plaintiff's untimeliness. *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir. 1997) (citations omitted).

Defendants' Partial Motion for Summary Judgment argues that Plaintiff failed to pursue judicial review of his constructive discharge claim within the 30-day time limit set out by 5 U.S.C. § 7703(b)(2). ECF 40 at pp. 4-5. Plaintiff was given notice that he had 30 days from the date the decision would become final, i.e., until June 15, 2023, to file his district court complaint, but the Complaint was filed well after this deadline, *on May 22, 2024*. ECF 40-1 at pp. 27-28 (MSPB Initial Decision's notice of right to judicial or EEOC of cases involving a claim of discrimination). Based on this untimeliness, Defendants assert their entitlement to judgment as a matter of law on the constructive discharge claim. *Id.* at p. 5.

The Court finds that Defendants have met their initial burden because the timing between the finality of the MSPB Initial Decision and the initiation of this action are not in dispute. Defendants' Motion is supported by the Declaration of Thomas Kilbride and the accompanying attachments from Plaintiff's VA employment records and the MSPB administrative proceeding. ECF 40-1. Mr. Kilbride's declaration is based on personal knowledge as a Supervisory Employee and Labor Relations Specialist in the Agency, and he provided "true and accurate copies of Department records maintained in the ordinary course of business." ECF 40-1 at pp. 1-2. Plaintiff does not object to the admissibility of Mr. Kilbride's Declaration nor to any of the records provided, and the Court is satisfied of the Declaration's sufficiency. *See* Fed. R. Civ. P. 56(c)(4) (declaration must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the declarant is competent to testify on the matters stated).

The burden to demonstrate an issue of material fact establishing timeliness is thus shifted to Plaintiff. As noted above, other than providing general objections to three Undisputed Material Facts—mostly relating to dates—Plaintiff does not dispute the Defendants' factual assertions or

attach any evidence. This is insufficient to rebut Defendants' Undisputed Facts. Fed. R. Civ. P. 56(e).

Plaintiff's Response does not clearly raise arguments addressing the untimeliness of his lawsuit. *See generally* ECF 46. Notably, Plaintiff does not challenge the adequacy of notice of his rights to appeal, the basis for the MSPB's dismissal, or that untimeliness was excusable. Instead, Plaintiff raises the doctrine of collateral estoppel without intelligibly explaining its relevance. *Id.* at p. 2. Plaintiff's Response has no merit.[7]

As a result, Plaintiff fails to carry his burden, and the constructive discharge claim fails as a matter of law. *See, e.g., Bobelu-Boone v. Wilkie*, 526 F. Supp. 3d 971, 980 (D.N.M. 2021) (dismissing a mixed case complaint when the plaintiff failed to offer any legal or equitable basis to disregard untimely filing of complaint); *Kent v. Social Security Administration*, No. 24-cv-00356-GPG-KAS, 2025 WL 639043, at *9 (D. Colo. Feb. 26, 2025) (dismissing a mixed case complaint as untimely). While Plaintiff is correct that he did not need to "file an appeal with the MSPB," ECF 46 at p. 5 ¶ 7, he still failed to properly exercise his right to file a civil action in the district court for judicial review within the 30-day window despite the notice given.

Defendants have carried their burden under Fed. Civ. R. Civ. P. 56 to demonstrate that Plaintiff's constructive discharge claim was untimely. Plaintiff has not pointed to any evidence that would prove an essential element for judicial review of his constructive discharge claim: timeliness, or alternatively, that untimeliness should be excused. Therefore, the Court agrees with Defendants that there is no genuine dispute of material facts, and Defendants' Motion for Partial

---

[7] Plaintiff does not identify what issue he believes is collaterally estopped nor why the doctrine would apply to this situation.

Summary Judgment should be granted because they are entitled to summary judgment of Plaintiff's constructive discharge claim (Claim Four) as a matter of law.

## II.    Defendants' Motion to Dismiss Generally

Plaintiff's TAC identifies five claims for relief, which the Court liberally construes as (1) retaliation under Title VII and ADEA, (2) hostile work environment under Title VII, (3) violation of the WPA, (4) constructive discharge,[8] and (5) racial discrimination. Based on the Court's findings above, it need not address the constructive discharge claim, but suffice it to say that Plaintiff's constructive discharge claim faces the same defects identified below. Plaintiff's claims primarily allege discrimination based on a hostile work environment, but because Plaintiff also makes references to being treated less favorably than his white coworkers, *see* ECF 16 ¶ 22; 23, the Court also considers Plaintiff's claims under a theory of discrimination.

In the Motion to Dismiss, Defendants argue: 1) the Court lacks jurisdiction to decide Plaintiff's WPA retaliation claim, 2) Plaintiff fails to plead a hostile work environment or constructive discharge claim, 3) Plaintiff fails to plausibly allege a discriminatory animus, and 4) Plaintiff sues improper defendants. *Id.* Defendants concede that certain allegations are to be accepted by the Court as true in the Rule 12(b)(6) context. *Id.* at p. 2. Defendants also "move to dismiss improper defendants in this action." *Id.* Plaintiff's Response does not substantively address Defendants' arguments regarding dismissal. *See* ECF 47.

---

[8] Plaintiff labels his fourth claim as "Employment Discrimination" and his fifth claim "Racial Discrimination" without any elaboration. The Court construes these claims from Plaintiff's facts and general allegations as bringing constructive discharge and disparate treatment claims, respectively.

Defendants' Motion to Dismiss only seeks dismissal of Plaintiff's claims under a hostile work environment or constructive discharge theory. ECF 42 at p. 4 Defendants' Motion does not identify a separate "racial discrimination" claim at all. *See generally id.* However, the Court acknowledges that the TAC is facially deficient as it relates to a claim of discrimination. As discussed below, the Court finds that the TAC generally fails to meet Rule 8's pleading standard, so *sua sponte* dismissal of any discrimination claim is appropriate.

### A.  Improper Defendants – Title VII

"The only proper [Title VII] Defendant . . . is the head of the agency or department in which the plaintiff is employed." *Wilder v. Marsh*, 940 F.2d 1539, at *2 (10th Cir. 1991) (citations omitted) (table). In response to Defendants' argument that Plaintiff has improperly named defendants, Plaintiff apparently seeks to remove them and "correctly name[] the proper defendant[s]" as Todd B. Hunter, in his official capacity as VA Secretary, and Veterans' Health Administration. ECF 47 at p. 1. Plaintiff may not amend his complaint in a response brief, *see Issa v. Comp USA*, 354 F.3d 1174, 1179 (10th Cir. 2003) (noting that plaintiff cannot add information as part of a reply brief), but the Court construes Plaintiff's Response as conceding that his claims against Defendants Jule Little, Stanley Nelson, Etosha Pentarvis, David Fennel, and any other individual Defendant should be dismissed.

Although Plaintiff leaves "Veterans' Health Administration," not apparently conceding this Defendant's dismissal, "[t]he office where plaintiff worked is not a proper defendant." *Hamilton v. Dep't of Veterans Affs.*, No. 16-2101-DDC-JPO, 2017 WL 840908, at *1 (D. Kan. Mar. 3, 2017) (citing 42 U.S.C. § 2000e-16(c)). The Court recommends that Defendants' Motion to Dismiss be granted as to Plaintiff's Title VII and ADEA claims against Defendants Little,

Nelson, Pentarvis, Fennel, and Veterans Health Administration. These claims should be dismissed with prejudice as improper.[9]

### B.  Fed. R. Civ. P. 8

The Court starts its analysis by noting that Plaintiff's Second, Third, Fourth, and Fifth Claims merely state the title of the claim and then incorporate the general statement of facts as a basis for each claim. ECF 16 at pp. 7-9. While only a "short and plain statement of the claim" is required, the Plaintiff must show "that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). It is not sufficient to merely state "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Khalik*, 671 F.3d at 1191 (citing *Robbins*, 519 F.3d at 1247). Rule 8's basic requirements are met when a complaint explains what defendants did and when, how the alleged actions harmed the plaintiff, and what specific rights the plaintiff believes were violated. *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe Cnty. Just. Ctr.*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff's latter four causes of action do not meet even the most lenient interpretation under Rule 8(a). The FAC does not tie the factual allegations to any of the claims. Plaintiff does not, for example, distinguish which actions constitute "employment discrimination" versus "racial discrimination." Plaintiff also does not clearly identify how he was harmed under each particular

---

[9] The Court notes that it unclear whether the agency head is the only proper defendant in ADEA cases. Title VII expressly states this requirement: "the head of the department, agency, or unit as appropriate, shall be the defendant." 42 U.S.C. § 2000e-16. While ADEA does not have the same language, courts have applied this principle to ADEA claims brought together with Title VII claims. *See King v. Wormuth*, No. 22-cv-00612-JB-LF, 2023 WL 385813, at *1 n.1 (D.N.M. May 23, 2023) (citing *Ellis v. U.S. Postal Serv.*, 784 F.2d 835, 838 (7th Cir. 1986) (noting reasoning to apply Title VII limitation to ADA claim as also analogous to ADEA)); *McCoin v. Sec'y of Veterans Affs.*, No. 96-4104-SAC, 1996 WL 772602 (D. Kan. Dec. 20, 1996), *aff'd*, 132 F.3d 43 (10th Cir. 1997) (Title VII rule applies in ADEA cases). Regardless of the grounds for dismissal, Plaintiff fails to plead a plausible ADEA retaliation claim.

claim or make any effort to differentiate the causes of action. These are all basic pleading requirements that the FAC fails to meet, and Rule 8(a) provides grounds to dismiss claims *sua sponte*. *Rodriguez v. Nationwide Homes, Inc.*, 756 F. App'x 782, 785 (10th Cir. Nov. 27, 2018) (unpublished); *Sladek v. Bank of Am., NA*, No. 24-1181, 2024 WL 4224029, at *4 (10th Cir. Sept. 18, 2024) (unpublished) (affirming dismissal of "shotgun approach" complaint); *e.g., Bralich v. Gatner*, No. 20-cv-03800-RMR-STV, 2021 WL 5763506 (D. Colo. Nov. 24, 2021), *aff'd*, No. 21-1416, 2022 WL 4004601 (10th Cir. Sept. 2, 2022) (adopting recommendation to *sua sponte* dismiss claims under Rule 8).

Nevertheless, the Court addresses whether Plaintiff has alleged enough facts to state plausible claims.

### C.  Title VII and ADEA

Title VII of the Civil Rights Act of 1964 makes it unlawful to discriminate "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). ADEA prohibits age-based employment discrimination. 29 U.S.C. § 623(a)(1). "Under Title VII, a plaintiff can prove discrimination in several different ways, including proof of a hostile work environment or disparate treatment." *Throupe v. Univ. of Denver*, 988 F.3d 1243, 1251 (10th Cir. 2021). There is no dispute that Plaintiff is a member of a protected class under either Title VII or ADEA because he is "a 64-year-old African-American male." ECF 16 at p. 1.

### Claim Two: Hostile Work Environment under Title VII

The elements of a discriminatory hostile work environment claim are: "(1) the plaintiff is a member of a protected group; (2) the plaintiff was subjected to unwelcome harassment; (3) the

harassment was based on the protected characteristic . . . ; and (4) the harassment was sufficiently severe or pervasive to alter a term, condition, or privilege of the plaintiff's employment and created an abusive working environment." *Asebedo v. Kansas State Univ.*, 559 F. App'x 668, 670 (10th Cir. 2014) (citing *Dick v. Phone Directories Co.*, 397 F.3d 1256, 1262-63 (10th Cir. 2005)). "To evaluate whether a working environment is sufficiently hostile or abusive, [the court] examine[s] all the circumstances, including (1) the frequency of the discriminatory conduct; (2) the severity of the conduct; (3) whether the conduct is physically threatening or humiliating, or a mere offensive utterance; and (4) whether the conduct unreasonably interferes with the employee's work performance." *MacKenzie v. City and Cnty. of Denver*, 414 F.3d 1266, 1280 (10th Cir. 2005), abrogated on other grounds by *Lincoln v. BSNF Ry. Co.*, 900 F.3d 1166, (10th Cir. 2018) (citation omitted).

"For harassment to be sufficiently severe or pervasive to alter the terms, conditions, or privileges of employment, the complained-of conduct must be both objectively and subjectively offensive." *Young v. Colorado Dep't of Corr.*, 94 F.4th 1242, 1250 (10th Cir. 2024) (citations omitted). "[S]imple teasing, offhand comments, and isolated incidents (unless extremely serious)" will not constitute actionable conduct under Title VII. *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1988) (citation and quotations omitted). A Plaintiff must show more than "a few isolated incidents of racial enmity or sporadic racial slurs." *Chavez v. New Mexico*, 397 F.3d 826, 832 (10th Cir. 2005) (quoting *Bolden v. v. PRC Inc.*, 43 F.2d 545, 551 (10th Cir. 1994)) (quotations omitted). "[R]un-of-the mill boorish, juvenile, or annoying behavior that is not uncommon in American workplaces is not the stuff of a Title VII hostile work environment claim." *Throupe*, 988 F.3d at 1252 (quoting *Morris v. City of Colo. Springs*, 666 F.3d 654, 664 (10th Cir. 2012)).

The Court agrees with Defendants that Plaintiff fails to plead a hostile work environment claim. Plaintiff alleges a hostile work environment based on the fact-finding investigations, the accusations that he was throwing away medical claims, and general allegations that Defendant Little harassed him. *See* ECF 16 ¶¶ 9; 11-15. The TAC mostly offers conclusory accusations of harassment without explaining the substance of such harassment. While Plaintiff describes unfair treatment because of his response to Defendant Johnson's effort to oust the union president, Plaintiff never once ties any harassment to his race. Plaintiff wholly fails to plead any discriminatory comments, insults, stereotypes, or circumstances to infer that any of these actions were because of his race, much less that such harassment was sufficiently pervasive or severe. "General harassment if not racial . . . is not actionable." *Bolden*, 43 F.3d at 551. There is no possible, much less plausible, connection between Plaintiff's race and the alleged harassment, fact-finding investigations, or false accusations about his work performance.

Because the TAC is devoid of any facts to plead harassment based on a protected characteristic, the TAC fails to state a plausible hostile work environment. *See, e.g., Murphy v. McDonough*, No. 23-1394, 2024 WL 3455034, at *2 (10th Cir. July 18, 2024) (affirming dismissal of a Title VII hostile work environment claim where Plaintiff failed to provide any facts that the alleged harassment had anything to do with her protected classes). The Court need not consider the remaining elements because Plaintiff has failed to show that any harassment is actionable under Title VII. *See, e.g., Cunningham v. Software*, No. 22-cv-00882-DDD-MDB, 2023 WL 11658843, at *4 (D. Colo. Dec. 1, 2023) *report and recommendation adopted*, No. 22-cv-0082-DDD-MDB, 2024 WL 2194137 (D. Colo. Apr. 8, 2024) (recommending dismissal because the complaint did not sufficiently allege harassment based on race).

### Claim Five: Race Discrimination under Title VII

To establish a race discrimination claim under Title VII, discrimination may be alleged "through either direct evidence of discrimination (e.g., oral or written statements on the part of a defendant showing a discriminatory motivation) or indirect (i.e., circumstantial) evidence of discrimination." *Kendrick v. Penske Transp. Servs., Inc.*, 220 F.3d 1220, 1226 (10th Cir. 2000) (citations omitted). The latter invokes the *McDonnell Douglas* burden shifting framework. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802-04 (1973); *Khalik*, 671 F.3d at 1192.

The general elements that Plaintiff must plausibly plead are "(1) [h]e is a member of a protected class, (2) [he] suffered an adverse employment action, and (3) the challenged action occurred under circumstances giving rise to an inference of discrimination." *McNellis v. Douglas Cnty. Sch. Dist.*, 116 F.4th 1122, 1137 (10th Cir. 2024) (citation modified); *see also Kendrick*, 220 F.3d at 1227 (10th Cir. 2000) ("The critical prima facie inquiry in all cases is whether the plaintiff has demonstrated that the adverse employment action occurred under circumstances which give rise to an inference of unlawful discrimination." (citation and quotations omitted)).

Like his hostile work environment claim, the TAC has failed to plead any relationship between any alleged unlawful employment actions and Plaintiff's race to state a plausible discrimination claim. By Plaintiff's own characterization, the crux of his complaints is that he was treated unfairly after reporting an incident that he believed to be unlawful. Plaintiff fails to plead an "inference of discrimination," either based on less favorable treatment or any link between the alleged adverse actions and his race. *See, e.g., French v. Denver Pub. Sch.*, No. 23-cv-01614-NYW-MDB, 2024 WL 3276159, at **11-12 (D. Colo. July 2, 2024) (allegations were too vague to support inference of discrimination based on less favorable treatment to similarly situated employees or a connection

between the conduct and the termination).

Plaintiff also pleads no plausible allegation that his "employer treated similarly situated employees more favorably." *Luster v. VilTACk*, 667 F.3d 1089, 1095 (10th Cir. 2011). He states that his coworkers were diverse in age, gender, and race, ECF 16 ¶ 7, which lends no support to any inference of discrimination. Plaintiff identifies his own race, and makes two references to his white coworkers, but does not detail how they were similarly situated or how he was treated less favorably, other than one conclusory assertion that they were allowed to reach full retirement age when he was not. *Id.* ¶ 22. Plaintiff's conclusion of discrimination is merely speculative and must be disregarded.

Although Defendants do not address a disparate treatment discrimination claim in their Motion to Dismiss specifically, to the extent that Plaintiff raises disparate treatment as Claim Five, the Court recommends that they be dismissed *sua sponte* for failure to comply with Rule 8(a). *See Rodriguez*, 756 F. App'x at 785. Plaintiff fails to provide any specificity other than a title, an adoption of the general facts, and some accusations of differential treatment based on his race. Even liberally construing the claim in Plaintiff's favor, there is no "short and plain statement of the claim showing why Plaintiff is entitled to relief," and Plaintiff fails to state any discrimination claim "intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007); Fed. R. Civ. P. 8(a). As a result, dismissal is appropriate.

### Claim One: Retaliation under Title VII and ADEA

Both Title VII and ADEA prohibit retaliation against an employee for opposing employment practices made unlawful by the statutes. 42 U.S.C. § 2000e-3(a); 29 U.S.C. § 623(d).

The Court also agrees with Defendants that Plaintiff fails to plead that he engaged in protected activity to state a retaliation claim. *See* ECF 42 at p. 12. To state a retaliation claim, Plaintiff must plead that he suffered an adverse employment action because he engaged in protected activity under Title VII and ADEA respectively. *See Hinds v, Sprint/United Mgmt. Co.*, 523 F.3d 1187, 1202 (10th Cir. 2008) (ADEA); *O'Neal v. Ferguson Const. Co.*, 237 F.3d 1248, 1252 (10th Cir. 2001) (citations omitted).

In the TAC, Plaintiff fails to make any allegation that he made complaints of racial or age-based discrimination. *See EEOC v. JBS USA, LLC*, 481 F. Supp. 3d 1204, 1223 (D. Colo. 2020) (granting dismissal for retaliation claims for failure to allege identify protected activity). The only type of complaints Plaintiff alleges were relating to the meeting during which Defendant Johnson addressed "[m]ultiple male and female employees of multiple Ages, Races and Genders . . . to brainstorm ways to remove" the union president during the upcoming election. ECF 16 at p. 3. Plaintiff generally alleges that the adverse employment actions[10] started because Plaintiff "voic[ed] his concerns about the legality of the meeting" to vote out the union president. *Id.* at p. 4. But this activity, whether such is covered by the WPA or not, is not protected by either Title VII or ADEA.

Plaintiff also alleges that he reported "harassment" to his supervisor, Defendant Pendarvis, *id.* at p. 5, but this allegation is still insufficient because Plaintiff fails to specify the nature of the reported harassment. *See Anderson v. Academy Sch. Dist. 20*, 122 F. App'x 912 (10th Cir. 2004) (citation omitted) (vague complaints of harassment and discrimination without indication that the

---

[10] The Court need not address whether any of these allegations sufficiently constitute "adverse employment actions" at this time and makes no finding in this regard.

conduct was motivated by race is not protected activity under Title VII). Plaintiff makes no factual allegations in the TAC—well-pleaded or otherwise—that he engaged in protected activity under Title VII or ADEA. Plaintiff may plead a causal connection between his complaints against Defendant Little and the alleged adverse employment actions, but Plaintiff fails to relate his race or age to any of these actions. The single assertion that "Defendant . . . has knowingly and intentionally engaged in age discrimination and retaliation" is conclusory and not entitled to the assumption of truth. *Khalik*, 671 F.3d at 1194; *see Murphy*, 2024 WL 3455034, at *2.

Therefore, for the reasons stated above, all of Plaintiff's Title VII and ADEA claims should be dismissed because Plaintiff fails to plead any factual allegations that establish a hostile work environment, discrimination, or that he engaged in protected activity.

### Claim Four: Constructive Discharge

Because the Court has already recommended that Defendants' Partial Motion for Summary Judgment be granted, the Court need not address the merits of Plaintiff's constructive discharge under Title VII. However, the Court notes that the TAC suffers the same deficiencies: there is simply no causal connection to support an inference of race-based discrimination or explanation of why Plaintiff believes the actions to be connected to his race. *See Khalik*, 671 F.3d at 1194.

### D.  WPA Claim (Claim Three)

Defendants argue that this Court lacks jurisdiction to consider Plaintiff's WPA claim. ECF 42 at p. 5. Plaintiff concedes in his Response that any claim under the Whistle Blower Protection Act (WPA), 5 U.S.C. § 92302(b)(8), is improper. ECF 47 at p. 2. Plaintiff clarifies that he "is not bringing this WPA complaint before this court," but he only includes references to the WPA as "historical context." *Id.* Because Plaintiff does not contest dismissal of this claim, Defendants'

24

Motion to Dismiss for lack of subject matter jurisdiction should be granted as to Plaintiff's Claim Three, insofar as it alleges a violation of the WPA.

## DISMISSAL WITH OR WITHOUT PREJUDICE

The Court recommends that Defendants' Motion for Partial Summary Judgment be granted and judgment entered against Plaintiff on Claim Four for constructive discharge. There is no genuine issue of material fact, and Plaintiff's claim is untimely. In the alternative, the Court recommends that the Motion to Dismiss be granted as it relates to Claim Four because Plaintiff fails to plead that he was constructively discharged under circumstances giving rise to an inference of race discrimination.

For Claims One and Two, dismissal with prejudice is appropriate because Plaintiff has already had three opportunities to plead his claims sufficiently, yet the TAC falls too far short in alleging hostile work environment or retaliation claims to suggest that further amendment would fare any better. *Knight v. Mooring Capital Fund, LLC*, 749 F.3d 1180, 1190-91 (10th Cir. 2014) (affirming district court's dismissal with prejudice when amendment would be futile) (citing *Brereton v. Bountiful City Corp*., 434 F.3d 1213, 1219 (10th Cir. 2006); *Gee v. Pacheco*, 627 F.3d 1178, 1181, 1195 (10th Cir. 2010)).

Because the Court recommends *sua sponte* dismissal under Rule 8(a) for Claim Five of race discrimination in violation of Title VII, the Court recommends dismissal without prejudice because Plaintiff has not yet had an opportunity to address these deficiencies. However, the Individual Defendants and the VHA should be dismissed with prejudice as improper parties under Title VII.

Regarding Claim Three, Plaintiff's WPA claim must be dismissed without prejudice

because the Court lacks jurisdiction over the claim. *See Brereton*, 434 F.3d at 1216 (dismissal for

lack of jurisdiction must be without prejudice) (citations omitted); *see also* Fed. R. Civ. P. 41(b)

(specifically excluding dismissals for "lack of jurisdiction").

## CONCLUSION

For the reasons stated above, the Court **RECOMMENDS**[11] the following:

- Defendants' Motion for Partial Summary Judgment [ECF 40] be **GRANTED** as to Claim
  Four (Employment Discrimination/Constructive Discharge under Title VII);

    In the alternative, the Court recommends that Defendants' Motion to Dismiss [ECF
    42] be **GRANTED** as to Claim Four.

- Defendants' Motion to Dismiss [ECF 42] be **GRANTED** as to Claim Three (WPA
  violation);

    Plaintiff's TAC should be **dismissed without prejudice** as to Claim Three.

---

[11] Within fourteen days after service of a copy of this Recommendation, any party may serve and
file written objections to the Magistrate Judge's proposed findings and recommendations with the
Clerk of the United States District Court for the District of Colorado. 28 U.S.C. § 636(b)(1); Fed.
R. Civ. P. 72(b); *Griego v. Padilla (In re Griego)*, 64 F.3d 580, 583 (10th Cir. 1995). A general
objection that does not put the district court on notice of the basis for the objection will not preserve
the objection for *de novo* review. "[A] party's objections to the magistrate judge's report and
recommendation must be both timely and specific to preserve an issue for *de novo* review by the
district court or for appellate review." *United States v. 2121 East 30th Street*, 73 F.3d 1057, 1060
(10th Cir. 1996). Failure to make timely objections may bar *de novo* review by the District Judge
of the Magistrate Judge's proposed findings and recommendations and will result in a waiver of
the right to appeal from a judgment of the district court based on the proposed findings and
recommendations of the Magistrate Judge. *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir.
1999) (holding that the district court's decision to review Magistrate Judge's recommendation *de
novo* despite lack of an objection does not preclude application of "firm waiver rule"); *Int'l Surplus
Lines Ins. Co. v. Wyo. Coal Refining Sys., Inc.*, 52 F.3d 901, 904 (10th Cir. 1995) (finding that
cross-claimant waived right to appeal certain portions of Magistrate Judge's order by failing to
object to those portions) *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding that
plaintiffs waived their right to appeal certain portions of Magistrate Judge's orders by failing to
object to those portions); *Ayala v. United States*, 980 F.2d 1342, 1352 (10th Cir. 1992) (finding
that plaintiffs waived their right to appeal the Magistrate Judge's ruling by failing to file
objections). *But see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th Cir. 2005) (holding
that firm waiver rule does not apply when the interests of justice require review).

- Defendants' Motion to Dismiss [ECF 42] be **GRANTED** as to all other claims, against all Defendants;

  Plaintiff's TAC should be **dismissed with prejudice** as to Claim One (Retaliation under Title VII and ADEA) and Claim Two (Hostile Work Environment under Title VII),

  Plaintiff's TAC should be **dismissed with prejudice**, *sua sponte*, as to Claim Five (Race Discrimination under Title VII) against the improper parties: Defendants Jule Little, Stanley Nelson, Etosha Pentarvis, David Fennel, and Veterans' Health Administration,

  Plaintiff's TAC should be **dismissed without prejudice**, *sua sponte*, as to Claim Five (Race Discrimination under Title VII) against Defendant Douglas Collins, Secretary, United States Department of Affairs **only**.

- The Court also **ORDERS** that Defendants' Motion to Stay [ECF 50] is **denied as moot**.

- Plaintiff be afforded 30 days to seek Court's leave to file any amended complaint, and if no motion for leave to amend is filed, the Court close this case.

The Clerk of Court is **DIRECTED** to mail a copy of this Amended Report and Recommendation to:

  Fred Johnson
  243 West 80th Ave.
  #3-304
  Denver, Colorado, 80221

DATED at Denver, Colorado, this 22nd day of August, 2025.

                    BY THE COURT:

                    _____
                    Timothy P. O'Hara
                    United States Magistrate Judge

27