IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-01447-PAB-TPO

FRED JOHNSON,

    Plaintiff,

v.

DOUGLAS COLLINS, Secretary, United States Department of Veterans Affairs,
JULE LITTLE,
STANLEY NELSON,
ETOSHA PENTARVIS, and
VETERANS' HEALTH ADMINISTRATION,[1]

    Defendants.

## ORDER ACCEPTING MAGISTRATE JUDGE'S RECOMMENDATION

This matter is before the Court on the Amended Recommendation of United States Magistrate Judge [Docket No. 56]. The Recommendation states that objections to the Recommendation must be filed within fourteen days after its service on the parties. Docket No. 56 at 26 n.11; *see also* 28 U.S.C. § 636(b)(1)(C). The Recommendation was served on August 22, 2025. No party has objected to the Recommendation.

In the absence of an objection, the district court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927

---

[1] Although David Fennel was listed as a defendant in the case caption of defendants' motion to dismiss and the recommendation, David Fennel was not named in the third amended complaint, and, therefore, he was terminated as a defendant upon the filing of the third amended complaint. *See* Docket No. 16.

F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

In this matter, the Court has reviewed the Recommendation to satisfy itself that there is "no clear error on the face of the record."[2]  Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court has concluded that the Recommendation is a correct application of the facts and the law.

The Court accepts the magistrate judge's recommendation that plaintiff be afforded 30 days to file a motion for permission to file an amended complaint, and if no motion for leave to amend is filed, the Court will close this case.  *See* Docket No. 56 at 27.  Because the Court will dismiss without prejudice claim five against defendant Douglas Collins, Secretary, United States Department of Veterans Affairs (the "VA Secretary"), the plaintiff may seek leave to amend his complaint to address the deficiencies in this claim.  For those claims that the Court will dismiss with prejudice – claims one, two, four, and claim five as brought against defendants other than the VA Secretary – plaintiff will not be permitted to file an amended complaint that addresses these claims.

Accordingly, it is

---

[2] This standard of review is something less than a "clearly erroneous" or "contrary to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo review.  Fed. R. Civ. P. 72(b).

**ORDERED** that the Amended Recommendation of United States Magistrate Judge [Docket No. 56] is **ACCEPTED**. It is further

**ORDERED** that Defendants' Motion for Partial Summary Judgment [Docket No. 40] is **GRANTED**. It is further

**ORDERED** that plaintiff's claim four is **DISMISSED** with prejudice.[3] It is further

**ORDERED** that Defendants' Motion to Dismiss Plaintiff's Amended Complaint [Docket No. 42] is **GRANTED**. It is further

**ORDERED** that plaintiff's claims one and two are **DISMISSED** with prejudice. It is further

**ORDERED** that plaintiff's claim three is **DISMISSED** without prejudice.[4] It is further

---

[3] The Court will dismiss claim four with prejudice. The Court agrees with the magistrate judge's finding that plaintiff's claim for constructive discharge is time-barred because plaintiff failed to appeal the final decision of Merit Systems Protection Board ("MSPB") within 30 days. *See* Docket No. 56 at 11-15; *Kent v. Soc. Sec. Admin.*, No. 24-cv-00356-GPG-KAS, 2025 WL 639043, at *9 (D. Colo. Feb. 26, 2025). (recommending that plaintiff's claim be dismissed with prejudice for failure to appeal the MSPB's' order within 30 days, finding that "[b]ecause this untimeliness cannot be cured, amendment would be futile" and dismissal with prejudice was warranted).

[4] The magistrate judge notes that "it was unclear exactly whom Plaintiff intended to name as Defendants in the third Amended Complaint." Docket No. 56 at 1 n.2. Plaintiff named, as individual defendants, Luke Davis, Stanley Nelson, Etosha Pentarvis, Jule Little, Andre Cunningham, and Coffey Sweet. *Id.* The amended complaint also named as a defendant "HAC/OCC," which is the Veterans Health Administration ("VHA") Office of Community Care at the Health Administration Center. *See id.* at 2 n.4. Although defendants Davis, Cunningham, Sweet, and HAC/OCC were not included in the caption of the defendants' motion to dismiss and the recommendation, the magistrate judge addresses the claims against these defendants. *See* Docket No. 56 at 1. The magistrate judge construes plaintiff's response to defendants' motion to dismiss as conceding that defendants Davis, Nelson, Pentarvis, Little, Cunningham, Sweet, and HAC/OCC are improper parties for his Title VII and ADEA claim. *See id.* at 1, 2, n.2, n.3. Although plaintiff did not concede that defendant Veterans Health Administration was an improper defendant, the magistrate judge finds

**ORDERED** that plaintiff's claim five against Luke Davis, Stanley Nelson, Etosha Pentarvis, Jule Little, Andre Cunningham, Coffey Sweet, HAC/OCC, and Veterans' Health Administration is **DISMISSED** with prejudice.  It is further

**ORDERED** that plaintiff's claim five against defendant Douglas Collins is **DISMISSED** without prejudice.  It is further

**ORDERED** that plaintiff may seek leave to file an amended complaint, which complies with D.C.COLO.LCivR 15.1(b), on or before **October 10, 2025**.

DATED September 10, 2025.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

---

that defendant VHA is nonetheless an improper party.  *See id*. at 16.  Plaintiff filed no objection to these findings.  The Court agrees with the magistrate judge's finding that defendants, other than the VA Secretary, are improper parties for plaintiff's Title VII and ADEA claims.  *See id.* at 25; *see Mobley v. Donahoe*, 498 F. App'x 793, 79 n.4 (10th Cir. 2012) (unpublished) (rejecting plaintiff's "invitation to hold that a Title VII action can be brought against individual employees" and holding that the "proper defendant in a federal employee's Title VII action is the head of the department, agency, or unit, as appropriate") (internal quotations and citations omitted); *King v. Wormuth*, 2023 WL 3853813, at *1 (D.N.M. May 24, 2023), *report and recommendation adopted,* 2023 WL 4248188 (D.N.M. June 29, 2023) (finding that the same procedural requirement that a Title VII plaintiff sue the head of department, agency, or unit applies to a Age Discrimination in Employment Act plaintiff).  Therefore, the Court will dismiss claims one, two, and five with prejudice against defendants Davis, Nelson, Pentarvis, Little, Cunningham, Sweet, VHA, and HAC/OCC because they are improper parties.  The Court will dismiss claims one and two with prejudice against the VA Secretary because "Plaintiff has already had three opportunities to plead his claim sufficiently, yet the TAC fills too far short in alleging hostile work environment or retaliation claims to suggest that further amendment would fare any better."  *See* Docket No. 56 at 25.  However, claim five brought against the VA Secretary is dismissed without prejudice.  *See id*. at 27.  Claim four is dismissed against all defendants with prejudice because there is no genuine issue of material fact that this claim is time-barred.  *See id.*  Claim three is dismissed against all defendants without prejudice because the Court lacks jurisdiction over the Whistleblower Protection Act claim.  *See id*. at 25-26.